IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60250
Conference Calendar
_____

CHRISTOPHER REGULAR,

Petitioner-Appellant,

versus

EDWARD HARGETT, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY;
EDDIE LUCAS; COMMISSIONER, MISSISSIPPI
DEPARTMENT OF CORRECTIONS; MIKE MOORE,

Respondents-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:94-CV-262-D-0
- - - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Christopher Regular, a Mississippi state inmate convicted of manslaughter and sentenced to 20 years of imprisonment, appeals the district court's sua sponte dismissal of his petition for habeas corpus. Regular's direct criminal appeal is still pending before the Mississippi Supreme Court. His federal habeas petition challenges, not his conviction, but the Mississippi state courts' determination regarding his bail on appeal. He

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

argues that the state courts acted arbitrarily and unreasonably in setting bail pending appeal in the amount of $75,000.

There is no absolute federal constitutional right to bail pending appeal; however, once a state makes provisions for bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably. Young v. Hubbard, 673 F.2d 132, 134 (5th Cir. 1982). In light of the seriousness of Regular's offense and the length of his sentence, bail of $75,000 was not arbitrary or unreasonable, and thus, was not unconstitutional. See id.

Regular argues for the first time on appeal that, because he was rendered a pauper by being required to post a $100,000 bond prior to trial, a $75,000 appeal bond is tantamount to no bond at all. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). We decline to consider this argument because even a complete denial of bond would not have been constitutionally impermissible in this case. See, e.g., Young, 673 F.2d 134.

Regular's argument that the district court was required to hold an evidentiary hearing before dismissing his petition is equally unavailing. An evidentiary hearing is required only if the petitioner did not receive a full and fair state-court hearing and there are disputed issues of fact. Townsend v. Sain, 372 U.S. 293, 312 (1963). The judgment of the district court is AFFIRMED.